THE PEOPLE v. THOMAS D. QUINN.

*Liquor traffic—Sales by druggist—Information.*

An information charging a respondent with being engaged in a business consisting in part of the sale of drugs and medicines, and which negatives his right to engage in the business of selling, furnishing, giving, or delivering as a beverage any spirituous, malt, brewed, fermented, or vinous liquors to any person, and which alleges the sale by him of a glass of spirituous liquor to a designated person, to be used as a beverage, covers a case falling within the provisions of section 13, Act No. 259, Laws of 1881, punishing unlawful sales by druggists.

Exceptions from Muskegon. (Dickerman, J.) Argued January 29, 1889. Decided April 24, 1889.

Respondent was convicted on an information charging

him with selling spirituous liquor as a beverage, not being authorized by the laws of the State to so sell the same, but being engaged in the sale of drugs, etc. Conviction affirmed.

*F. W. Cook, Horace L. Delano,* and *Robert E. Bunker,* for respondent.

*S. V. R. Trowbridge,* Attorney General, and *James C. McLaughlin,* Prosecuting Attorney, for the people.

[The points of counsel are fully stated in the opinion.— REPORTER.]

LONG, J. Respondent was prosecuted and convicted before a jury in the circuit court for the county of Muskegon, and brings the case here on exceptions before sentence. The following is a copy of the information upon which the conviction was had:

'James C. McLaughlin, prosecuting attorney for the county of Muskegon aforesaid, for and in behalf of the people of the State of Michigan, comes into said court in the October term thereof, A. D. 1887, and gives it to understand and be informed that heretofore, to wit, on July 19, in the year 1887, at the city of Muskegon, in said county of Muskegon, Thomas D. Quinn, late of said city of Muskegon and county aforesaid, whose business at that time consisted in part of the sale of drugs and medicines, and who was not then and there authorized by the laws of the State of Michigan to engage in the business of selling, furnishing, giving, or delivering as a beverage any spirituous, malt, brewed, fermented, or vinous liquors, or any mixed liquor, a part of which is spirituous, malt, brewed, fermented, or vinous, to any person, did, on the said July 19, A. D. 1887, at the city of Muskegon, in said county, sell and furnish Walter S. Deveraux one glass of spirituous liquor, to be used as a beverage by said Walter S. Deveraux, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the people of the State of Michigan."

Before the jury was impaneled in the cause, and before pleading, the defendant's counsel moved to quash the information on the grounds—

1. That the acts alleged in said information do not constitute any offense known to the laws of the State of Michigan.

2. That no offense is stated or charged in said information which the laws of this State confer jurisdiction upon this court to try and determine.

The court overruled the motion to quash, defendant entered his plea of not guilty, and the cause proceeded to trial before a jury duly impaneled.

The people, to maintain the issue, called as a witness the county treasurer of the county, who produced the bond given by defendant as a druggist for the year 1887. The people offered this bond, with the indorsement thereon, in evidence. This was objected to by defendant's counsel for the reason as then given by him,—

"Because it is not alleged in the information that the respondent sold and delivered the beverage or that the furnishing of the beverage was by the respondent in his capacity as a druggist, or as a druggist, in any manner whatever. He is described in the forepart of the information as being engaged in that kind of business, but, when it comes to the allegation of selling and furnishing, the information is entirely silent as to whether he sold as a saloonist, private individual, druggist, or in any other capacity."

The court overruled the objection, and admitted the bond in evidence, whereupon the people called Walter S. Deveraux, who testified that on July 19, 1887, at the city of Muskegon, in said county, respondent did sell and furnish to him one glass of spirituous liquors. This testimony was taken under objection of respondent's counsel that it was incompetent and immaterial. This was all the testimony given by the people in the case. The respondent was sworn in his own behalf, and denied making any

such sale to Deveraux on that day; and respondent also
called one George McAvoy, who gave testimony corrobo-
rating respondent's statement. Upon this issue the jury
found the respondent guilty. No complaint is made of
the charge of the court, and the sole contention is—

1. That the information does not state any offense.
2. That the information does not state a cause of
action within the jurisdiction of the court to try and
determine.

The claim made by counsel for the respondent in his
brief is this: That the sale of intoxicating liquors to be
used as a beverage is made unlawful by chapters 28 and
71 of Howell's Statutes, when made in violation of either
of those chapters, but that chapter 28 has reference to
general sales by what is termed "saloon-keepers;" while
chapter 71 refers exclusively to druggists, who sell in that
capacity, or whose business consists in whole or in part
of the sale of drugs, medicines, etc.; that offenses com-
mitted by selling in violation of chapter 28 are declared
to be misdemeanors, and triable exclusively in justice's
court; while offenses committed under chapter 71 are
also declared to be misdemeanors, but, on account of the
penalty attached being beyond the jurisdiction of a jus-
tice of the peace, are exclusively triable in the circuit
court; that to authorize the trial and conviction in the
circuit court of a person charged with the unlawful sale,
it is not sufficient to prove the sale, but that proof must
be made that the person was acting in the capacity of a
druggist in order to bring the case under chapter 71, and
thus give the circuit court jurisdiction. Chapter 71 was
amended in 1883, by Act No. 187, but the amendment
does not affect the question raised by this record.

The offense is charged to have been committed on July
19, 1887, and some time before the act of 1887 took effect.
We are therefore to look at the several acts of the Legis-

lature as in force on July 19, 1887, to determine the questions involved here. Act No. 259, Laws of 1881, was in force, so far as related to the matter in controversy here. This is an act to regulate the sale of spirituous, malt, brewed, fermented, and vinous liquors, and to prohibit the sale thereof to a certain specified class of persons. Section 1 of the act makes it unlawful for all persons except druggists to sell, without having first given a bond to the county treasurer, as provided by section 9 of the act. The penalty for such unlawful sales is fixed by section 6 of the act, and makes the offense a misdemeanor punishable by fine, not less than $25 nor more than $100, and costs, etc., and imprisonment in the county jail not less than 10 nor more than 90 days, thus bringing offenses under this act within the jurisdiction of a justice of the peace to try and determine. Section 13 of this act makes it unlawful for any druggist, or for any person whose business consists in whole or in part of the sale of drugs and medicines, to sell, furnish, etc., any such liquors except for medicinal and mechanical purposes, to any minor, or to any person to be used as a beverage, etc. This section requires persons engaging as druggists to give a bond to the county treasurer in the sum of $3,000. This section then provides:

" Whenever any druggist shall violate any of the provisions of this section he shall, on conviction thereof, be deemed guilty of a misdemeanor, and be punished by a fine of not less than $25 nor more than $200, and costs of prosecution, and imprisonment in the county jail not less than 10 days nor more than 90 days."

Chapter 28 of Howell's Statutes, referred to by counsel for defendant, includes Act No. 156, Laws of 1881, amending the act of 1879 in reference to the taxation of the business of selling, etc., intoxicating liquors. Section 6 of this act provides the penalty for its violation, and

brings such cases within the jurisdiction of justices of the peace to try and determine. It will therefore be observed that section 13 of Act No. 259, Laws of 1881, was the only section of either act giving circuit courts jurisdiction of such offenses. And cases must be brought within the provisions of that section before jurisdiction in the circuit court is acquired, except by appeal.

We think the information charges an offense coming within the provisions of section 13, and that the court properly overruled the motion to quash. While all sales of intoxicating liquors not made in compliance with law constitute an offense, yet those made by a person in the capacity of a druggist form an exception to the general class, and on account of that exception the circuit court is given jurisdiction to try and determine such offenses. The information covers a case falling within the provisions of section 13 (How. Stat. § 2282), of unlawful sales by a druggist. The information charges the respondent with being engaged in a business consisting in part of the sale of drugs and medicines, and also negatives the fact of his having the lawful right to engage in the business of selling, furnishing, giving, or delivering as a beverage any spirituous, malt, brewed, fermented, or vinous liquors to any person, and also alleges the sale of a glass of spirituous liquors to one Deveraux, to be used as a beverage. It is claimed by defendant's counsel that there is nothing exclusive about the provisions of chapter 71, which forbids directly or by implication a druggist from engaging in the sale of liquor under other provisions of the law, but he becomes liable to the penalties prescribed in section 13, if at all, because of the character of the business in which he is engaged, and the selling and furnishing of liquor in that particular character, at his place of business. We think, however, the allegations in

the information cover a case brought under this section, and the verdict must be upheld.

The court below is advised to proceed to judgment upon the verdict.

The other Justices concurred.